IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTONIO SERNA (01) | NO.   3:20−CR−00170- E |

# FACTUAL RESUME

In support of Antonio Serna's plea of guilty to the offense in Count One of the Information, Serna, the defendant, Nick Oberheiden, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1347), that is, conspiracy to commit health care fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*.   That the defendant and at least one other person agreed to commit the crime of health care fraud, as charged in the Information;

*Second*.   That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*.   That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

---

[1] *Pattern Jury Instructions (Criminal Cases)*, Committee on Pattern Jury Instructions, District Judges Association, Fifth Circuit (2019) No. 2.15A.

**Factual Resume—Page 1**

The elements of 18 U.S.C. § 1347 are as follows:[2]

*First*.  That the defendant knowingly and willfully executed a scheme or artifice to defraud a health care benefit program, TRICARE, by means of false or fraudulent pretenses, representations, or promises in connection with the delivery of or payment for health care benefits, items, or services;

*Second*.  That the defendant acted with a specific intent to defraud a health care benefit program;

*Third*:  That the false or fraudulent pretenses, representations, or promises that the defendant used were material; and

*Fourth*:  That the operation of the health care benefit program affected interstate commerce.

## STIPULATED FACTS

1. Antonio Serna admits and agrees that from around December 2014, through on or about June 16, 2016, in the Dallas Division of the Northern District of Texas and elsewhere, he did knowingly and willfully combine, conspire, confederate, and agree with Company A, Individual 1, Individual 2, Individual 3, and others, to violate 18 U.S.C. § 1347, that is, to devise and to execute a scheme and artifice (i) to defraud a health care benefit program affecting commerce, that is, TRICARE, and (ii) to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, TRICARE, in connection with the delivery of, and payment for, health care benefits and items, namely, compounded drugs.

---

[2] *Pattern Jury Instructions (Criminal Cases)*, Committee on Pattern Jury Instructions, District Judges Association, Fifth Circuit (2019) No. 2.59 (Health Care Fraud).

2.  Serna admits and agrees that TRICARE is a "health care benefit program" as defined by 18 U.S.C. § 24(b), that affected commerce, and as that term is used in 18 U.S.C. § 1347.

3.  Serna admits that he owned and operated Military Medical Relief 21 Corp, (MMR21). MMR21 provided discounts on various items and services to members of the military and to military veterans who signed-up for MMR21 memberships. Serna admits that, in approximately December 2014, he agreed with Company A, a compounding pharmacy, to refer MMR21 members to Company A in return for a kickback of 40% of the proceeds that Company A received for filling prescriptions for MMR21 members. Serna admits and agrees that he also owned and controlled LS Labs LLC and American Christian Warrior 13 Inc (ACW13).

4.  Serna admits and agrees that, as overt acts in furtherance of the conspiracy to accomplish its purposes, he solicited and received illegal kickbacks from Company A in return for referring MMR21 members and prescriptions to Company A as follows:

| Date | Amount | Recipient | Payer |
|---|---|---|---|
| 01/05/2015 | $23,732.36 | LS Labs LLC | Company A |
| 01/16/2015 | $118,353.53 | LS Labs LLC | Company A |
| 02/09/2015 | $320,269.93 | LS Labs LLC | Company A |
| 02/13/2015 | $342,758.53 | LS Labs LLC | Company A |
| 03/03/2015 | $551,532.94 | LS Labs LLC | Company A |
| 03/16/2015 | $606,662.34 | LS Labs LLC | Company A |
| 04/01/2015 | $837,458.59 | LS Labs LLC | Company A |
| 04/16/2015 | $847,365.58 | LS Labs LLC | Company A |
| 05/05/2015 | $79,899.36 | LS Labs LLC | Company A |
| 05/21/2015 | $34,433.18 | LS Labs LLC | Company A |

5. Serna admits and agrees that, as overt acts in furtherance of the conspiracy to accomplish its purposes, he paid illegal kickbacks to Individual 2 and Individual 3 to induce them to prescribe compounded drugs to TRICARE beneficiaries as follows:

| Date | Amount | Recipient | Payer |
|---|---|---|---|
| 01/22/2015 | $13,725.00 | Individual 3 | LS Labs LLC |
| 02/10/2015 | $8,370.00 | Individual 3 | ACW13 |
| 02/10/2015 | $3,780.00 | Individual 2 | ACW13 |
| 03/04/2015 | $3,825.00 | Individual 2 | LS Labs LLC |
| 03/04/2015 | $9,500.00 | Individual 3 | LS Labs LLC |
| 03/04/2015 | $1,000.00 | Individual 3 | LS Labs LLC |
| 04/10/2015 | $9,000.00 | Individual 3 | ACW13 |
| 04/14/2015 | $9,000.00 | Individual 3 | ACW13 |
| 04/17/2015 | $9,000.00 | Individual 3 | ACW13 |
| 04/21/2015 | $11,925.00 | Individual 2 | ACW13 |
| 04/22/2015 | $9,000.00 | Individual 3 | ACW13 |
| 05/02/2015 | $15,975.00 | Individual 3 | ACW13 |
| 07/27/2015 | $6,975.00 | Individual 3 | ACW13 |

6. Serna admits and agrees that Individual 1 solicited illegal kickbacks from him and he agreed to pay them.

7. Serna received complaints from patients about their calls with Individual 2 being too short.

8. Serna received an email from Individual 3 on June 16, 2016, asking to be paid for 17 patient evaluations purportedly performed in 2015.

9. Serna asked Individual 1's advice on how to avoid paying illegal kickbacks. Individual 1 indicated that the paying entity must be different from MMR21 and that a 501(c)(3) charitable organization would be better. Serna thus paid patients and

prescribers through ACW13.  Serna admits and agrees that ACW13 had no purpose other than paying illegal kickbacks.

10.     Serna admits and agrees that, as overt acts in furtherance of the conspiracy to accomplish its purposes, he paid kickbacks to TRICARE beneficiaries in the Northern District of Texas and elsewhere, to induce them to obtain prescriptions from Company A, including by causing the following checks to be mailed, among others:

| Date | Amount | Recipient | Recipient's Location | Payer |
|---|---|---|---|---|
| 03/10/2015 | $500.00 | T.W. | Euless, TX | ACW13 |
| 03/19/2015 | $500.00 | B.Y. | Garland, TX | ACW13 |
| 03/19/2015 | $500.00 | C.M. | Arlington, TX | ACW13 |
| 03/27/2015 | $500.00 | J.D. | Arlington, TX | ACW13 |
| 03/27/2015 | $500.00 | S.F. | Lubbock, TX | ACW13 |
| 03/31/2015 | $500.00 | C.O. | Lubbock, TX | ACW13 |
| 04/06/2015 | $500.00 | T.W. | Euless, TX | ACW13 |
| 04/06/2015 | $500.00 | F.M. | Arlington, TX | ACW13 |
| 04/06/2015 | $500.00 | B.M. | Arlington, TX | ACW13 |
| 04/14/2015 | $500.00 | V.B. | Tye, TX | ACW13 |
| 05/05/2015 | $500.00 | T.W. | Euless, TX | ACW13 |
| 05/12/2015 | $250.00 | A.C. | Newport News, VA | ACW13 |
| 05/18/2015 | $250.00 | I.C. | Lubbock, TX | ACW13 |
| 05/18/2015 | $500.00 | P.W. | Fort Worth, TX | ACW13 |
| 06/01/2015 | $250.00 | R.H. | Anna, TX | ACW13 |

11.     Serna admits and agrees that he further disguised these kickbacks as payments for participating in a study that did not exist.

12.     Serna admits and agrees that all of the prescriptions written for TRICARE beneficiaries by Individuals 1, 2, and 3, and filled by Company A are part of the conspiracy to which he is pleading guilty.

13. The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 27th day of April 2020.

_____
ANTONIO SERNA

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8604
Facsimile:   214-659-8802
douglas.brasher@usdoj.gov

_____
NICK OBERHEIDEN
Attorney for Defendant