IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:20-CR-00170-K |
| | § | |
| ANTONIO SERNA | § | |

### DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION OF MODIFICATION OF CONDITIONS OF RELEASE

Defendant Antonio Serna, through undersigned counsel, respectfully moves this Court for emergency reconsideration of the modification of release conditions imposed on January 20, 2026. Reconsideration is warranted where, as here, the modification order (1) relied on incorrect factual premises, (2) relied on legally inadmissible expunged matters, (3) relied on irrelevant pre-indictment conduct, and (4) imposed the most restrictive condition short of detention without the evidentiary basis required under 18 U.S.C. § 3142. See *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990) (modification of conditions requires competent evidence).

I.

BACKGROUND

1. At the January 20, 2026 hearing, the Court imposed home incarceration based on:

    (a) "prior violations,"

    (b) a prostitution matter,

    (c) a pending state case, and

    (d) an unverified Wichita Falls incident report.

2. Each of these grounds is factually incorrect, legally inadmissible, or irrelevant to whether Defendant has violated federal pretrial release conditions.

## II.

### THE ORDER RELIED ON INCORRECT FACTS

3. The Court stated Defendant had "prior violations." Probation's compliance records confirm **no prior violations** exist. Under *United States v. Aron*, 904 F.2d 221 (5th Cir. 1990), modification of conditions may not be based on erroneous factual premises.

## III.

### EXPUNGED MATTERS MAY NOT BE CONSIDERED

4. The referenced prostitution matter was **dismissed and expunged**. Under Texas law, an expunged charge is treated as though it "never occurred," and no court or agency may use or rely upon it.

5. Because the prostitution matter is legally nonexistent, its inclusion violated due process and cannot support home incarceration.

## IV.

### PRE-INDICTMENT STATE MATTER IS NOT A VIOLATION

6. The state matter predates Defendant's federal indictment and cannot constitute a violation of federal pretrial release conditions. Courts may not rely on stale or unrelated

conduct.

## V.

## THE WICHITA FALLS ALLEGATION IS UNVERIFIED AND CANNOT SUPPORT THE MOST RESTRICTIVE CONDITION

7. The Wichita Falls allegation is **unverified**. No arrest occurred, no officer contacted Defendant, and Probation recommended **no action**.

8. Courts cannot impose restrictive conditions based on unsubstantiated allegations.

9. The Court acknowledged that the allegation "may be false." Imposing home incarceration despite acknowledged uncertainty violates the principle that pretrial conditions must be supported by reliable evidence.

## VI.

## HOME INCARCERATION VIOLATES THE "LEAST RESTRICTIVE" REQUIREMENT OF THE BAIL REFORM ACT

10. Home incarceration is the **most restrictive** condition short of detention. Under the Bail Reform Act, conditions must be the **least restrictive** necessary to assure compliance. 18 U.S.C. § 3142(c)(1)(B)

11. Here, no competent evidence supports imposing such a condition.

12. Home incarceration eliminates Defendant's ability to work, though he is the primary provider for his household. Restrictions that destroy lawful employment are

disfavored absent compelling evidence.

## VII.
## CONCLUSION

For the foregoing reasons, the Court should reconsider and vacate the modification order and reinstate Defendant's prior conditions of release.

Respectfully submitted,

/s/ *Deric K. Walpole*

Deric King Walpole

Attorney for Defendant Antonio Serna

SBN: 90001936

The Law Office of Deric K. Walpole, PLLC

5900 South Lake Forest Suite 410

McKinney, Texas 75070

972.569.0740

deric@dkwdefense.com

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of this motion was transmitted to Douglas Brasher, Esq at douglas.brasher@usdoj.gov.

/s/ *Deric King Walpole*

Deric King Walpole

EXHIBIT A – FACTUAL ERROR COMPARISON TABLE

| Misstatement / Basis Used | Correct Fact | Legal Authority |
|---|---|---|
| "Defendant has prior violations." | Defendant has zero prior pretrial violations. | United States v. Aron, 904 F.2d 221 (5th Cir. 1990) (modification requires accurate evidence). |
| "Prostitution charge" indicates risk. | Charge dismissed and expunged; legally treated as though it never occurred. | Ex parte R.P.G.P., 623 S.W.3d 313 (Tex. 2021); Ex parte E.H., 602 S.W.3d 486 (Tex. 2020). |
| State case shows noncompliance. | State case predates federal indictment; irrelevant. | United States v. Xulam, 84 F.3d 441 (D.C. Cir. 1996) (stale/unrelated conduct improper). |
| Wichita Falls allegation indicates risk. | Unverified; no arrest; Probation Recommended. "no action." | McKinnon, 770 F.2d 24; Torres, 929 F.2d 291; Santos-Flores, 794 F.3d 1088. |

| | | |
|---|---|---|
| "Even if false, prior matters justify detention." | Detention/restriction cannot rely on inadmissible, irrelevant, or unsupported facts. | Salerno, 481 U.S. 739; Byrd, 969 F.2d 106. |

DECLARATION OF FINANCIAL HARDSHIP

I, ANTONIO SERNA, declare as follows:

1. I am the primary financial provider for my household.

2. My employment income is necessary to pay for mortgage, utilities, food, and basic living expenses for my family.

3. My income is also required to pay for court-ordered therapy, transportation, and other supervision-related costs.

4. Home incarceration prevents me from working and threatens my ability to comply with financial obligations imposed by the Court.

5. I am willing and able to comply with all release conditions previously imposed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2026.

*[signature]*
_____

ANTONIO SERNA