IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:20-CR-00170-K |
| | § | |
| ANTONIO SERNA | § | |

**DEFENDANT'S MOTION UNDER 18 U.S.C. § 3145(b) FOR DE NOVO REVIEW**

**AND REQUEST TO REINSTATE PRIOR CONDITIONS OF RELEASE**

Defendant respectfully moves this Court for de novo review under 18 U.S.C. § 3145(b) of the Magistrate Judge's January 20, 2026 order modifying conditions of release to include home incarceration. Defendant submits this motion with full respect for the Court and without implying criticism of prior proceedings. Defendant requests that the Court, applying the statutory framework and the record presented, reinstate Defendant's prior release conditions.

**I. BACKGROUND AND COMPLIANCE SUMMARY**

1. Compliance History. Defendant has remained on federal pretrial release for approximately five years with zero violations. Defendant has consistently complied with all

reporting and supervision requirements, maintained stable residence, and appeared as required.

2. Voluntary Return From Overseas Assignment (Vietnam, 2020). In 2020, Defendant worked in Vietnam under a U.S. private company pursuant to a project agreement supporting the Vietnamese government in anti–money laundering and compliance efforts. Defendant returned voluntarily to the United States to address his federal case obligations.

3. Government-Approved Travel (El Salvador, December 2024). In December 2024, the U.S. Government approved Defendant's international travel to El Salvador based on his perfect compliance history. Defendant traveled as authorized, met with government officials (including President Nayib Bukele's staff and the Secretary of Commerce Ibrahim Bukele), and returned exactly as required.

4. Employment Constraints (Oilfield Work). Defendant works in the oilfield. The work often involves off-grid locations, overnight operations, and unpredictable scheduling. Home incarceration, curfew, or GPS-monitoring-style restrictions are operationally incompatible with these job requirements and risk immediate loss of employment and the ability to meet family and court-related obligations.

5. Cooperation. Defendant has assisted the United States in the investigation and prosecution of multiple individuals, demonstrating reliability and trustworthiness.

**II. LEGAL STANDARD**

Under 18 U.S.C. § 3145(b), the District Court conducts de novo review of a magistrate judge's release or detention order. See United States v. Rueben, 974 F.2d 580 (5th Cir. 1992). The Court must apply the Bail Reform Act and consider whether conditions of

release are the least restrictive necessary to reasonably assure appearance and the safety of the community.

### III. THE BAIL REFORM ACT REQUIRES THE LEAST RESTRICTIVE CONDITIONS

18 U.S.C. § 3142(c)(1)(B) requires the Court to impose the least restrictive combination of conditions that will reasonably assure the defendant's appearance and the safety of the community. Home incarceration is a significant restriction and should be imposed only when necessary under the statutory factors.

### IV. RECORD-BASED CONSIDERATIONS SUPPORT REINSTATEMENT OF PRIOR CONDITIONS

A. Expunged Matter (2023). The referenced prostitution-related charge was dismissed and expunged in 2023 under Texas law. Expunged matters are, by statute, treated as though they did not occur. See Ex parte R.P.G.P., 623 S.W.3d 313 (Tex. 2021); Ex parte E.H., 602 S.W.3d 486 (Tex. 2020).

B. Unrelated State Matter Predating Federal Proceedings. The referenced state case predates Defendant's federal guilty plea and does not reflect conduct during federal pretrial release.

C. Wichita Falls Reference. The Wichita Falls reference remains unverified; Defendant states he was not in Wichita Falls, has not been contacted by law enforcement regarding any such allegation, and U.S. Probation recommended "no action." Unsubstantiated allegations should not warrant heightened restrictive conditions absent reliable supporting evidence.

### V. APPLICATION OF THE STATUTORY FACTORS

Defendant's five-year record of flawless compliance strongly supports reinstatement of the prior conditions. Defendant has demonstrated reliability through approved travel and

timely return, stable ties, and ongoing cooperation. The existing record supports that prior conditions were sufficient to reasonably assure appearance and safety.

Home incarceration imposes significant hardship and is not operationally compatible with Defendant's oilfield employment. Loss of employment would jeopardize Defendant's ability to meet family obligations and supervision-related requirements. Under § 3142(c)(1)(B), the Court should impose the least restrictive conditions necessary; reinstatement of the prior conditions satisfies that requirement.

**VI. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant de novo review under 18 U.S.C. § 3145(b), vacate the January 20, 2026 modification, and reinstate Defendant's previous conditions of release.

Respectfully submitted,

/s/ *Deric K. Walpole*

Deric King Walpole

Attorney for Defendant Antonio Serna

SBN: 90001936

The Law Office of Deric K. Walpole, PLLC

5900 South Lake Forest Suite 410

McKinney, Texas 75070

972.569.0740

deric@dkwdefense.com


CERTIFICATE OF SERVICE

This is to certify a true and correct copy of this motion was transmitted to Douglas Brasher, Esq at douglas.brasher@usdoj.gov.

/s/ *Deric King Walpole*

Deric King Walpole

**EXHIBIT A – FACTUAL CONTEXT / RECORD CLARIFICATION TABLE**

| Issue / Reference | Record Statement | Authority / Support |
|---|---|---|
| Compliance History | Defendant has five years of perfect compliance on pretrial release with zero violations. | U.S. Probation compliance record |
| Expunged Matter (2023) | Referenced charge was dismissed and expunged in 2023; expunged matters are treated as though they did not occur. | Ex parte R.P.G.P., 623 S.W.3d 313 (Tex. 2021); Ex parte E.H., 602 S.W.3d 486 (Tex. 2020) |
| Unrelated State Matter | State matter predates federal guilty plea and is unrelated; does not reflect conduct during federal release. | Timeline / state docket; relevance principles under Bail Reform Act |
| Wichita Falls Reference | Unverified; no arrest; no contact by law enforcement; U.S. Probation recommended "no action." | Probation position; reliability principles for restrictive conditions |
| Least Restrictive Conditions | Home incarceration should be imposed only if necessary; prior conditions were sufficient for years. | 18 U.S.C. § 3142(c)(1)(B) |
| Vietnam Assignment (2020) | Defendant traveled to Vietnam under a U.S. private company assignment supporting Vietnamese government AML/compliance efforts and returned voluntarily. | Travel/employment records; declaration if needed |
| Government-Approved Travel (El Salvador, 2024) | U.S. Government approved travel due to perfect compliance; Defendant traveled, met with officials, and returned exactly as instructed. | Travel approval documentation; return compliance |
| Employment Constraints (Oilfield) | Off-grid locations, overnight shifts, and unpredictable scheduling make home incarceration / curfew operationally unworkable. | Declaration of hardship; employment records |
| Cooperation | Defendant assisted the U.S. Government in prosecutions of multiple individuals. | Government correspondence / counsel proffer (as available) |

| Military Service (USMC) | Defendant served approximately 13 years in the United States Marine Corps with documented combat exposure. | Service record; character history under 18 U.S.C. § 3142(g)(3)(A) |
|---|---|---|
| PTSD Treatment Requirements | Defendant participates in two forms of PTSD treatment: one-on-one therapy and equine therapy; equine therapy is currently impacted by home-incarceration restrictions. | Treatment documentation; Court's prior extension for therapy |

DECLARATION OF FINANCIAL HARDSHIP

I, ANTONIO SERNA, declare as follows:

1. I am the primary financial provider for my household.

2. My employment income is necessary to pay for mortgage, utilities, food, and basic living expenses for my family.

3. My income is also required to pay for court-ordered therapy, transportation, and other supervision-related costs.

4. Home incarceration prevents me from working and threatens my ability to comply with financial obligations imposed by the Court.

5. I am willing and able to comply with all release conditions previously imposed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2026.

_____

ANTONIO SERNA

6. I also attend PTSD treatment, including one-on-one therapy and equine-assisted therapy. The equine therapy sessions occur near one of my oilfield work locations. The home-incarceration condition has prevented me from attending these sessions due to travel limitations, which affects both my treatment plan and my ability to work.